(Reap. Dec. 10529)

UNIT VENETIAN BLIND SUPPLY CORP. (WILEY) ET AL. *v.* UNITED STATES

Entry No. 3916, etc.

(Decided June 6, 1963)

*Lawrence & Tuttle* for the plaintiffs.

*John W. Douglas*, Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement enumerated in schedule "A," hereto attached and made a part hereof, are before me for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the parties hereto:

1. That all of the merchandise covered by the appeals for reappraisement set forth in Schedule "A" hereto attached and made a part hereof was withdrawn from Customs warehouse for consumption before the effective date of the Customs Simplification Act of 1956 and was therefore appraised under Section 402, Tariff Act of 1930, as amended by the Customs Administrative Act of 1938.

2. That no foreign value, as defined by Section 402(c), Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, existed for such or similar merchandise.

3. That the merchandise shipped by the following from Japan:

Fuchikawa & Co.
Fuchikawa, K.K.
Fuji Industry Company
Hasegawa Shoten Co.
Inoue Seiren Shokai
Kotobuki Toso K.K.
Kotobuki Toso Kogyo-sho
Rikuno Seiren Shokai
Seki Seiren
Shimamura Shoten Co.
Sugita Seiren Co. Ltd.
Tanaka Seiren
Tanaka Seiren Shokai

at the time of exportation to the United States, the prices at which such or similar merchandise was freely sold or offered for sale in the principal markets of Japan, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, were the unit invoice values, net packed, or plus packing where packing is listed separately on the invoices as not being included in the unit invoice values.

4. That, with regard to the remaining merchandise covered by these appeals for reappraisement, at the time of exportation to the United States, the prices at which such or similar merchandise was freely sold or offered for sale in the principal markets of Japan, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, were the appraised unit values, less any buying commission noted on the invoices and included in the appraised unit values.

5. That the appeals for reappraisement set forth in Schedule "A," are submitted on this stipulation.

On the agreed facts, I find that the proper basis for appraisement of the merchandise in question is export value, as defined in section 402(d) of the Tariff Act of 1930, and hold that such value therefor is as follows:

1. Statutory export value for the merchandise shipped from Japan by Fuchikawa & Co., Fuchikawa, K.K., Fuji Industry Company, Hasegawa Shoten Co., Inoue Seiren Shokai, Kotobuki Toso K.K., Kotobuki Toso Kogyo-sho, Rikuno Seiren Shokai, Seki Seiren, Shimamura Shoten Co., Sugita Seiren Co., Ltd., Tanaka Seiren, and Tanaka Seiren Shokai is the unit invoice values, net, packed, or plus packing

where packing is listed separately on the invoices as not being included in the unit invoice values.

2. Statutory export value for all other merchandise included in the shipments covered by the entries involved in these appeals for reappraisement is the appraised unit values, less any buying commission noted on the invoices and included in the appraised unit values.

Judgment will be rendered accordingly.